J-S47021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY DEAN WHITNEY | |
| Appellant | No. 1924 MDA 2015 |

Appeal from the PCRA Order September 29, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000789-1997

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 09, 2016**

Ricky Dean Whitney appeals from an order denying his third petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. Whitney's appellate counsel filed an ***Anders***[1] brief with this Court and a motion seeking permission to withdraw as counsel. We affirm and grant counsel's motion to withdraw.

The PCRA court summarized Whitney's crimes in its notice of intent to dismiss Whitney's petition:

> [Whitney's] conviction arose out of an incident between himself and police officers that began on the evening of July 3, 1997, and continued into the early morning hours of July 4, 1997. The relevant facts as adduced at trial are as follows: Whitney and his

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967) (articulating requirements an attorney must meet in order to withdraw from direct appeal).

wife were separated, however, Whitney was helping her repair her home that was recently placed on the market for sale. [Whitney's] wife agreed to drive him to the store to buy some paint, and on the way there an argument ensued. While stopped at a red light, Whitney took the keys out of the car and hitch-hiked back to his wife's home. Once he arrived, he continued drinking heavily, which he had begun doing before the trip to the store. [Whitney's] wife then called the police and requested that they retrieve her keys.

As police arrived, they saw a car parked near the home. The occupants of the car, who had stopped to look at the house, were leaving the property and reported that Whitney had a gun. As the police attempted to talk to Whitney he became irate and began yelling obscenities at them. Whitney then started shooting at the police officers. Throughout the incident, Whitney fired at civilians and their vehicles, police vehicles, police officers and a helicopter. He used a shotgun, rifle, and pistol. During the incident, he got into his truck and drove in the yard randomly shooting. Whitney also set off fireworks and shot out a transformer, so his property was dark and police could not see him. At some point [Whitney's] wife's home caught on fire and eventually burned to the ground because firefighters could not approach due to the gunfire. The incident ended when Whitney was shot and disabled by a state police corporal.

Notice of Intent To Dismiss PCRA Petition, at 1-2.

On August 14, 1998, a jury found Whitney guilty of two counts of attempted criminal homicide, 15 counts of aggravated assault, three counts of simple assault, 10 counts of recklessly endangering another person, three counts of criminal mischief, and one count of propulsion of missiles into an occupied vehicle.[2] On October 13, 1998, the court sentenced Whitney to an aggregate of 30 to 72 years' imprisonment.[3]

---

[2] 18 Pa.C.S. §§ 901, 2702, 2701, 2705, 3304 and 2707, respectively.
*(Footnote Continued Next Page)*

Whitney filed timely post-sentence motions, which the trial court denied on February 16, 1999. Whitney filed a timely direct appeal, and this Court affirmed his judgment of sentence on October 4, 1999. Whitney failed to file a timely petition for allowance of appeal to our Supreme Court. On January 22, 2001, the Supreme Court denied him leave to file a petition for allowance of appeal *nunc pro tunc*.

On June 25, 2001, Whitney filed his first PCRA petition, alleging several claims of ineffective assistance of counsel, including one related to the failure of counsel to timely file a petition for allowance of appeal. On December 26, 2001, the PCRA court denied the motion without a hearing on timeliness grounds, and without addressing any of Whitney's claims on the merits. Whitney filed a notice of appeal, addressing only the timeliness issue. The Superior Court affirmed the PCRA denial. Whitney filed a petition for allowance of appeal. The Supreme Court granted the petition and remanded the case to the PCRA court for a hearing on the timeliness of the PCRA petition.

On June 8, 2004, Whitney filed an amended PCRA petition requesting reinstatement of his right to petition for allowance of appeal *nunc pro tunc*. Based on agreement of the parties, the PCRA court granted the

*(Footnote Continued)* ───────────────

[3] The jury also found Whitney guilty of arson, but the trial court imposed no further penalty for this conviction.

reinstatement of Whitney's right to petition for allowance of appeal *nunc pro tunc*. Whitney then filed a petition for allowance of appeal to the Supreme Court. On March 8, 2005, the Supreme Court denied this petition.

On January 4, 2006, Whitney filed his second PCRA petition, again alleging various ineffective assistance of counsel claims against multiple attorneys, including Albert V. F. Nelthropp, Esquire. On October 20, 2006, the PCRA court dismissed this petition in its entirety except for the issues relating to resentencing. At resentencing on December 1, 2006, the court vacated Whitney's original sentence on several counts and resentenced him in a manner that did not affect his aggregate sentence.

Whitney appealed to the Superior Court, which affirmed on December 2, 2008. Whitney filed a petition for allowance of appeal to the Supreme Court which was denied on March 9, 2010.

More than five years later, on July 10, 2015, Whitney, acting *pro se*, filed the present PCRA petition. Therein, he alleged that (1) new exculpatory evidence had become available that would have affected the outcome of the trial if it had been introduced; (2) his trial attorney, Mr. Mackin, was ineffective for failing to investigate, preserve and present evidence that the state police intentionally violated his civil rights, which would have aided the jury in their truth determining process or aided in obtaining a reasonable plea agreement; and (3) a violation of the United States or Pennsylvania Constitution occurred that so undermined the truth-

determining processes that no reliable adjudication of guilt or innocence could have taken place. On July 10, 2015, the PCRA court appointed Barbara Jo Entwhistle, Esquire to represent Whitney.

On September 8, 2015, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing. On September 21, 2015, Ms. Entwhistle filed a motion for extension of time within which to file an amended PCRA petition. On September 23, 2015, the court denied the motion. On September 29, 2015, the court entered an order dismissing the PCRA petition. The order directed that Ms. Entwhistle "is available to represent [Whitney but] will not take any action on [be]half of Whitney unless specifically requested to do so."

On October 26, 2015, Whitney filed a notice of appeal *pro se*. On December 7, 2015, the court appointed Ms. Entwhistle to represent Whitney in his appeal. Both Whitney and the PCRA court complied with Pa.R.A.P. 1925.

On February 5, 2016, Ms. Entwhistle filed an application to withdraw as counsel for Whitney and an **Anders** brief. On February 22, 2016, Whitney filed an application for relief in this Court requesting leave to respond to Ms. Entwhistle's brief. On February 23, 2016, this Court granted Whitney leave to respond to Ms. Entwhistle's brief. On April 18, 2016, Whitney filed a *pro se* reply to Ms. Entwhistle's brief.

Before proceeding further, "we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. **Id.** The independent review

> requires counsel to file a 'no-merit' letter[4] detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Id**. PCRA counsel must also serve a copy of counsel's petition to withdraw and the **Turner/Finley** letter on the petitioner and write a letter advising the petitioner that he has the right to proceed *pro se* or with the assistance of privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super.2011) (quoting **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* **Commonwealth v. Pitts**, 981 A.2d 875, 876 (Pa.2009)).

Here, Ms. Entwhistle filed an **Anders** brief instead of a **Turner/Finley** no-merit letter. This caused Whitney no harm, because the requirements for an **Anders** brief are stricter than the **Turner/Finley** requisites.

---

[4] Also known as a "**Turner/Finley**" letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

*Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n. 3 (Pa.Super.2004) (in PCRA appeal, "because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a [*Turner/Finley*] letter"). Ms. Entwhistle's brief satisfied *Turner/Finley*, because she reviewed the record and the applicable law, listed the issue Whitney wished to have examined, and explained why it was meritless. Ms. Entwhistle also mailed a copy of the no-merit brief and a copy of her motion seeking permission to withdraw as counsel to Whitney and informed him of his right to proceed *pro se* or with privately-retained counsel to raise any points he deemed worthy of consideration.

In this appeal, Whitney argues that after the PCRA court issued its notice of intent to dismiss Whitney's PCRA petition, the court abused its discretion in denying him a continuance to file an amended PCRA petition that allegedly would have cured the defects in his PCRA petition. Before we address the merits of this claim, we must determine whether the PCRA court had jurisdiction to review Whitney's petition. We conclude that the PCRA court lacked jurisdiction to review the petition under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz,* 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to

hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Whitney's judgment of sentence became final on June 7, 2010, his final day to appeal to the United States Supreme Court in the appellate proceedings that followed his resentencing. The statute of limitations for filing a PCRA petition expired on June 7, 2011. The present PCRA petition, which was filed on July 10, 2015, almost 4 years after expiration of the statute, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Whitney argues that after his arrest, the police treated him in a manner similar to Freddie Gray, the decedent in a highly publicized case in Baltimore. He fails to explain how government interference prevented him from raising this claim earlier; how it constitutes newly discovered evidence; or how it implicates a constitutional right that our Supreme Court or the United States Supreme Court has held to apply retroactively.

Whitney also claims that he has newly discovered evidence exonerating him of the charge of arson. This claim is moot, because the court did not impose any additional sentence for this conviction. Nor does this claim satisfy any of the three exceptions in section 9545(b)(i-iii).

For these reasons, Whitney's present PCRA petition is time-barred.

Order affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2016</u>